**Electronically Filed
Intermediate Court of Appeals
28598
10-FEB-2012
08:07 AM**

NO. 28598


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JOHN P. STEWART, Plaintiff-Appellant, v. STATE FARM MUTUAL
AUTOMOBILE COMPANY; UNITED STATES FIRE INSURANCE COMPANY; JOHN
DOES 1-25; JANE DOES 1-25, DOE CORPORATIONS 1-25; DOE
PARTNERSHIPS 1-25; and DOE JOINT VENTURES 1-25, Defendants-
Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 03-1-268)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant John P. Stewart (Stewart) appeals
from the May 17, 2007 judgment of the Circuit Court of the Third
Circuit, Hilo Division (circuit court),[1] entering summary
judgment in favor of Defendants-Appellees State Farm Mutual
Automobile Insurance Company (State Farm)[2] and United States Fire
Insurance Company (USFIC) (collectively, Appellees) on Stewart's
claim that the insurers acted in bad faith in denying his claim
for underinsured motorist (UIM) insurance benefits arising from
an automobile accident caused by Argie Nance (Driver).

On appeal, Stewart argues that the circuit court erred
in granting summary judgment based on its erroneous

---

[1]  The Honorable Greg K. Nakamura presided.

[2]  State Farm notes that, contrary to the name listed in the case
caption, the company's name is State Farm Mutual Automobile Insurance Company.

interpretation of <u>Best Place, Inc. v. Penn Am. Ins. Co.</u>, 82 Hawai'i 120, 133, 920 P.2d 334, 347 (1996), that "ordinarilly . . . a bad faith claim can arise only if the insurer owed the insured a duty to pay and the insurer delayed or denied payment." We agree that the circuit court's interpretation is wrong, because the Hawai'i Supreme Court, citing <u>Best Place</u>, has expressly held that, under some circumstances an insured may not be "precluded from bringing [a] bad faith claim even where there is no coverage liability on the underlying policy." <u>Enoka v. AIG Hawaii Ins. Co.</u>, 109 Hawai'i 537, 552, 128 P.3d 850, 865 (2006).

Nevertheless, where "the circuit court's decision is correct, its conclusion will not be disturbed on the ground that it gave the wrong reason for its ruling." <u>Delos Reyes v. Kuboyama</u>, 76 Hawai'i 137, 140, 870 P.2d 1281, 1284 (1994). We affirm the circuit court's grant of summary judgment in Appellees' favor where Stewart failed to establish a genuine issue of material fact that Appellees acted in bad faith.

In <u>Best Place</u>, the Hawai'i Supreme Court said:

> [T]he tort of bad faith is not a tortious breach of contract, but rather a <u>separate and distinct wrong</u> which results from the breach of a duty imposed as a consequence of the relationship established by contract. . . . As such, an insurer could be liable for the tort of bad faith for certain conduct where it would not be liable for a tortious breach of contract.

82 Hawai'i at 131, 920 P.2d at 345 (emphasis added) (citation and internal quotation marks omitted). The <u>Enoka</u> court acknowledged that <u>Best Place</u> did not answer "whether the tort of bad faith is recognized when the insurer has <u>no</u> contractual duty to pay benefits to the insured based on the clear and unambiguous language of the insurance policy[.]" 109 Hawai'i at 549, 128 P.3d at 862. The court ruled that "[s]urely an insurer must act in good faith in dealing with its insured and in handling the insured's claim, even when the policy clearly and unambiguously excludes coverage." <u>Id.</u> at 552, 128 P.3d at 865. The circuit court's reason for granting summary judgment to Appellees was contrary to the holding in <u>Enoka</u> and was therefore erroneous.

Because this court may affirm the grant of summary judgment for any reason found in the record supporting affirmance, Delos Reyes, 76 Hawai'i at 140, 870 P.2d at 1284 (1994), we consider whether Stewart sufficiently presented facts showing a genuine issue of material fact and therefore whether Appellees should have been denied summary judgment. See Hawai'i Rules of Civil Procedure (HRCP) Rule 56.

In a first-party bad faith claim:

> [T]he insured need not show a conscious awareness of wrongdoing or unjustifiable conduct, nor an evil motive or intent to harm the insured. . . . [C]onduct based on an interpretation of the insurance contract that is reasonable does not constitute bad faith. In addition, an erroneous decision not to pay a claim for benefits due under a policy does not by itself justify an award of compensatory damages. Rather, the decision not to pay a claim must be in "bad faith."

Best Place, 82 Hawai'i at 133, 920 P.2d at 347 (citations omitted). Clearly, "[a] reasonableness standard governs bad faith claims." Guajardo v. AIG Hawai'i Ins. Co., 118 Hawai'i 196, 206, 187 P.3d 580, 590 (2008).

> Reasonableness can only constitute a question of law suitable for summary judgment "when the facts are undisputed and not fairly susceptible of divergent inferences," because, "[w]here, upon all the evidence, but one inference may reasonably be drawn, there is no issue for the jury." Courbat v. Dahana Ranch, Inc., 111 Hawai'i 254, 263, 141 P.3d 427, 436 (2006) (quoting Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 108, 839 P.2d 10, 24 (1992)); see also Tran v. State Farm Mut. Auto. Ins. Co., 999 F.Supp. 1369, 1373 (D. Haw. 1998) (concluding that allegations of bad faith between insurer and insured over fair dealing and meaning of policy were "exactly the type of issues, under Best Place, that the jury should consider, and ones that should not be made by the court").

Id. (brackets omitted).

Because there is no bright line rule that defines how insurers should investigate, what constitutes the necessary investigation depends heavily on the terms of the policy, the factual circumstances of the loss, and the applicable law. William T. Barker & Ronald D. Kent, New Appleman Insurance Bad Faith Litigation § 5.04[1][a], [d] at 5-14, 5-21 (2d ed. 2010).

Stewart alleged that USFIC did not promptly and thoroughly investigate his claim before consenting to Stewart's

settlement with Driver's insurer and instead relied on Driver's insurer to provide information. However, he makes no complaint with State Farm's pre-settlement investigation, although he claims State Farm "evidently did nothing," because State Farm gave its consent within one month of his request for consent to settle. The supreme court has advised that prior to consenting to a settlement, the "the UIM carrier's investigation should address factors such as the amount of assets held by the tortfeasor, the likelihood of recovery via subrogation, and the expenses and risks of litigating the insured's cause of action." Taylor v. Gov't Emps. Ins. Co., 90 Hawai'i 302, 311, 978 P.2d 740, 749 (1999) (internal quotation marks and citation omitted). See also Gov't Emps. Ins. Co. v. Dizol, 176 F. Supp. 2d 1005, 1023 (D. Haw. 2001). The undisputed facts are that USFIC requested information from Stewart regarding his injuries and his lost wages, USFIC did an "asset check" of Driver, and an adjuster talked with Driver's insurance carrier and Driver's daughter to ascertain that Driver had few assets to satisfy a potential judgment. The pre-settlement investigation conducted here fits the guidelines for UIM investigations suggested by Taylor.

Stewart contends that Appellees' investigation was tortious where their adjusters did not contact him or his treating physician. His reliance on Egan v. Mutual of Omaha Ins. Co., 598 P.2d 452 (Cal. 1979), on this point is misplaced. In Egan, the insurer conducted no independent investigation into the medical basis for the insured's disability claim, the primary issue in the case. Here, Appellees had an independent medical exam (IME) performed on Stewart to investigate his injuries and their source. Furthermore, they conducted their own investigation into the case's primary issue, the amount of Stewart's damages, by hiring their own economic consultant. Finally, Stewart presented no evidence of any industry standard but only the usual practice of his claims-adjustment expert, Bill Souza.

4

In his complaints related to claims-handling rather than claim investigation, Stewart contends (1) that USFIC acted unreasonably when it consented to Driver's offer to settle three months after Stewart's request for the insurers' consent to settle; (2) that the Appellees acted unreasonably by hiring an attorney to handle the claim through arbitration and turning the claim over to him, allegedly without doing their own investigation first; (3) that Appellees unreasonably relied on Dr. Clifford Lau's IME; and (4) that Appellees lied about the policy limits. The second, third, and fourth complaints have no merit.

Stewart presented no evidence that reasonable insurers would not hire an attorney following a letter that simultaneously demanded payment and arbitration. He provides no factual support for his allegation that Appellees' appointed independent medical examiner was biased and incompetent to give an opinion on the apportionment of Stewart's injuries. Furthermore, Stewart also failed to produce "facts as would be admissible in evidence," HRCP Rule 56(e), that Appellees lied to him about the policy limits.

Stewart present a genuine issue of material fact as to whether USFIC acted unreasonably in waiting three months to give Stewart permission to settle with Driver and her insurer, especially in light of State Farm's faster agreement to settle. The circuit court declined to grant summary judgment to USFIC on this claim, but USFIC and Stewart stipulated to dismiss this claim with prejudice. Therefore, it is not before us on appeal. Cf. Standard Mgmt. Inc. v. Kekona, 99 Hawai'i 125, 131, 53 P.3d 264, 270 (App. 2001) ("Generally, a trial court lacks continuing jurisdiction to settle disputes arising out of a settlement agreement that produced a stipulation to dismiss the underlying action with prejudice.").

Even when considering the evidence in the record and the inferences drawn therefrom in the light most favorable to Stewart, Stewart failed to present evidence sufficient to create

a genuine issue of material fact tending to establish that Appellees committed bad faith in the handling or investigation of Stewart's UIM claim. Accordingly, summary judgment was appropriate. See Taylor, 90 Hawai'i at 305, 978 P.2d at 743.

Therefore,

The May 17, 2007 judgment of the Circuit Court of the Third Circuit, Hilo Division, entering summary judgment in favor of Appellees and against Stewart, is affirmed.

DATED: Honolulu, Hawai'i, February 10, 2012.

On the briefs:

Phillip L. Carey,
for Plantiff-Appellant.

Richard B. Miller
Patricia Kehau Wall
(Tom Petrus & Miller),
for Defendant-Appellee State
Farm Mutual Automobile
Insurance Company.

Keith K. Hiraoka
(Roeca, Louie & Hiraoka),
for Defendant-Appellee United
States Fire Insurance Company.

Presiding Judge

Associate Judge

Associate Judge